IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RAYMOND MATHIS, AIS #140252, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:20-CV-768-ECM |
| ) | (WO) |
| D.P.O. BROOKS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Raymond Mathis, an indigent inmate incarcerated at the Houston County Jail in Dothan, Alabama, and frequent federal litigant. Mathis alleges that he was subjected to an excessive use of force by jail personnel at the Dothan City Jail on December 12, 2019. Doc. 1 at 1–4.

### II. DISCUSSION

Upon his initiation of this case, Mathis filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). Doc. 2. However, 28 U.S.C. § 1915(g) directs that a prisoner may not bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1] Consequently, an inmate in violation of the "three strikes" provision of § 1915(g)

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the Court held the "three strikes" provision of 28 U.S.C. § 1915(g), which requires indigent prisoners who are frequent filers of non-meritorious cases to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth

who is not in "imminent danger" of suffering a "serious physical injury" at the time he filed the complaint may not proceed *in forma pauperis* and must pay the filing and administrative fees upon initiation of his case.² *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). "The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status." *Id*.

The records of this court establish that Mathis, while incarcerated or detained, has on at least three occasions had civil actions summarily dismissed as frivolous, malicious, or for failure to state a claim.³ The cases on which this court relies in finding a § 1915(g) violation by Mathis are (1) *Mathis v. Binford, et al*, Civil Action No. 1:20-CV-275-WKW-WC (M.D. Ala. June 16, 2020) (dismissing case under 28 U.S.C. § 1915(e)(2)(B)(i-iii)); (2) *Mathis v. Hughes, et al.,* Civil Action No. 1:08-CV-640-TMH-TFM (M.D. Ala. 2008) (dismissing case under 28 U.S.C. § 1915(e)(2)(B)(i-ii)); and (3) *Mathis v. Binford, el, et al.*, Civil Action No. 1:08-609-MHT-TFM (M.D. Ala. 2008) (dismissing case under 28 U.S.C. § 1915(e)(2)(B)(i-iii)).

---

Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." The Court further determined that the language of § 1915(g) makes it clear that the "three strikes" provision encompasses cases summarily dismissed under 28 U.S.C. § 1915(d) prior to the effective date of the PLRA and, thus, counting those cases as strikes does not violate the *Ex Post Facto* Clause. *Id*. at 728–30; *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999) (citing *Rivera*, 144 F.3d at 728–30) (holding that cases summarily dismissed prior to the effective date of the PLRA are properly considered strikes under 28 U.S.C. § 1915(g) in determining whether an indigent inmate may proceed without prepayment of the full filing fee). In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court abrogated *Rivera* in limited part, *i.e.*, to the extent it compelled an inmate to plead exhaustion of remedies in his complaint because "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."

²A filing fee of $350.00 for a non-habeas civil action is imposed by 28 U.S.C. § 1914(a). In addition, as of December 1, 2016, the Judicial Conference imposed a $50.00 administrative fee, except in habeas cases and in cases brought by persons who are permitted to proceed in forma pauperis. 28 U.S.C. § 1914, *Jud. Conf. Schedule of Fees*, No. 14.

³This court may take judicial notice of its own records and the records of other federal courts. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)

Since Mathis has three strikes, he may not proceed *in forma pauperis* unless the claims raised in the instant complaint demonstrate he was "under imminent danger of serious physical injury" upon filing this case. 28 U.S.C. § 1915(g). In determining whether a plaintiff satisfies this burden, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). "A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed." *Abdullah v. Migoya*, 955 F.Supp.2d 1300, 1307 (S.D. Fla. 2013); *May v. Myers*, 2014 WL 3428930, at *2 (S.D. Ala. July 15, 2014) (finding that, to meet the exception to application of § 1915(g)'s three strikes bar, the facts in the complaint must show that the plaintiff "was under 'imminent danger of serious physical injury' at the time he filed this action."); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that imminent danger exception to § 1915(g)'s three strikes rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

The court has carefully reviewed the claims presented by Mathis in the complaint. Even construing all allegations in his favor, these claims do not indicate that Mathis was "under imminent danger of serious physical injury" at the time of filing this cause of action. *See Medberry*, 185 F.3d at 1193 (holding that a prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger of serious physical injury" at the time he initiates the suit to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)).

Based on the foregoing and Mathis' failure to pay the requisite filing and administrative fees upon initiation of this case, the court concludes that this case is due to be summarily dismissed without prejudice. *See Dupree,* 284 F.3d at 1236 ("[T]he proper procedure is for the district court

3

to dismiss the complaint without prejudice when [an inmate is not entitled] to proceed *in forma pauperis* [due] to [violation of] the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.") (emphasis in original); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (holding that "[a]fter the third meritless suit, the prisoner must pay the full filing fee at the time he initiates the suit.").

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion for leave to proceed *in forma pauperis* filed by Plaintiff (Doc. 2) be DENIED.

2.  This case be DISMISSED without prejudice for Plaintiff's failure to pay the full filing and administrative fees upon the initiation of this case.

On or before **October 15, 2020**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (holding that "[w]hen the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and

those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 30th day of September, 2020.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge